# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER COLORADO

AUG 14 2025

JEFFREY P. COLWELL
CLERK

Civil Action No. _____

(To be supplied by the court)

_____ Mario Raxon _____, Plaintiff

v.

Moses Stancil
Amanda Retting
Justin Ensinger
Xaviera Turner

**Jury Trial requested:**
(please check one)
__X__ Yes ____ No

Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## SECOND AMENDED VERIFIED PRISONER COMPLAINT AND REQUEST FOR JURY TRIAL

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.  PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Mario Raxon. CDOC No 164455, Colorado Territorial Correctional Facility, PO Box 1010, Canon City, CO, 81215-1010
(Name, prisoner identification number, and complete mailing address)

N.A
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

\_\_\_\_  Pretrial detainee
\_\_\_\_  Civilly committed detainee
\_\_\_\_  Immigration detainee
\_X\_\_  Convicted and sentenced state prisoner
\_\_\_\_  Convicted and sentenced federal prisoner
\_\_\_\_  Other: (*Please explain*) _____

## B.  DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   Moses Stancil, (Executive Director-Colorado Department of Corrections 1250 Academy Park Loop Drive, Colorado Springs CO, 80910
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  \_X\_ Yes \_\_\_ No (*check one*).  Briefly explain:

Executive Director Stancil is the Apex executive officer for the CDOC. In that capacity, Executive Director Stancil is responsible for the promulgation of all CDOC Administrative Rules and Regulations which affect CDOC inmates' mental health treatment.

Defendant 1 is being sued in his/her \_X\_ individual and/or \_X\_ official capacity.

2

Defendant 2:    Amanda Retting, Program Administrator- - SOMB Full operating Adult Provider
and Clinical Supervisor. Colorado Department of Corrections. 1250 Park Loop
Drive, Colorado Springs, CO 80910.
        (Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law?    X   Yes ____ No (*check one*).  Briefly explain:

Amanda Retting is the Director and Program Administrator for the CDOC's Sex
Offender and Treatment and Monitoring Program. In that capacity, Amanda
Retting is Responsible for interpreting and enforcing the CDOC Administrative
Rules and Regulations which affect CDOC inmate's enrollment, and successful
progression in SOTMP Therapeutic Treatment.
Defendant 2 is being sued in his/her X  individual and/or X  official capacity.


Defendant 3:    Justin Ensinger. SOTMP Coordinator, and CTCF Mental Health Program
Director. CTCF, 275 US-50, Canon City, CO 81215
        (Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law?    X   Yes ____ No (*check one*).  Briefly explain:

Justin Ensinger is the Program Coordinator for the CTCF's Sex Offender and
Treatment and Monitoring Program.  In that capacity, Justin Ensinger is
responsible for interpreting and enforcing the CDOC Administrative Rules and
Regulations which affect CDOC inmate's enrollment, and successful progression
in SOTMP Therapeutic Treatment.
Defendant 3 is being sued in his/her X individual and/or X  official capacity.


Defendant 4:    Xaviera Turner SOMB Coordinator, CTCF, 275 US-50, Canon City, Co 81215
        (Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law?    X   Yes ____ No (*check one*).  Briefly explain:

Xaviera Turner is the Program Coordinator for the CTCF's SOTMP In that
capacity, Xaviera Turner is responsible for interpreting and enforcing the
CDOC Administrative Rules and Regulations which affect CDOC inmate's
enrollment, and successful progression in SOTMP

Defendant 4 is being sued in his/her X individual and/or X  official capacity.

**C.    JURISDICTION**

*Indicate the federal legal basis for your claim(s): (check all that apply)*

_ X _    State/Local Official (42 U.S.C. § 1983)

____    Federal Official

As to the federal official, are you seeking:

___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)

___ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

____    Other: *(please identify)* _____

This action arises under the constitution and the laws of the USA, including Article III, Section 1 of the U.S Constitution and 42 U.S.C. §§ 1983, 1988. This court has the authority to grant the declaratory and injunctive relief requested herein pursuant to 28 U.S.C. §§ 1331, 1343. Venue is proper in the United States District Court for District of Colorado pursuant to 28. U.S.C. § 1391

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

Claim ONE:      42 USC § 1983 – 14th Amendment- Procedural Due Process
                                     Claim ONE is asserted against all Defendants:

Claim TWO:      42 USC § 1983 - 14th Amendment – Substantive Due Process
                                     Claim TWO is asserted against all Defendants:

Claim Three:      42 USC § 1983 – 8th Amendment - Cruel and Unusual Punishment
                                     Claim Three is asserted against all Defendants:

Supporting facts:

4

## Introduction

This cause arises from Defendants, continued ***failure and refusal*** to provide statutorily mandated therapeutic treatment to Plaintiff under Colorado's Sex Offender Lifetime supervision Act of 1998 (SOLSA), CRS § 18-1.3-1001 et seq. The plain language of the ACT mandates that sex offenders "shall be required as part of the sentence to undergo treatment."

Despite the clear statutory mandate that Defendants must provide Plaintiff the opportunity to do so thereby leaving Plaintiff untreated and in crisis. This deprivation of treatment results in Plaintiff's *de facto* lifetime prison sentence where he languishes in an untreated state.

By steadfastly refusing to provide Plaintiff with State mandated therapeutic treatment, Defendants are breaking the law, breaching their promises to Plaintiff, and Abandoning Plaintiff's mental health needs while he is in crisis. As such, Plaintiff unnecessarily languishes in prison because Defendants will not provide him the promise and mandated treatment. As a result, Plaintiff suffers from stress related lowered immunity which has led to repeated bouts of COVID-19, Norvirus, flu, and long-term COVID.  In addition, Plaintiff suffers anxiety, depression, insomnia, migraine headaches, night terrors, hopelessness, helplessness, and other illnesses attributable to his untreated condition, the arbitrary nature of his confinement, and the uncertainty regarding his future treatment.  This cruel irrational and avoidable circumstance deprives Plaintiff of constitutionally protected interests

## PLAINTIFF

1.   At all relevant times, Mario Raxon, ("Plaintiff, *"* or "Raxon") resides in the state of Colorado and is a citizen of the United States of America.

2.   Plaintiff is incarcerated at the Colorado Territorial Correctional Facility. ( CTCF)

3.   Plaintiff was convicted after trial in El Paso County Colorado (Case No 12CR521),

4.   On May 7th 2021, after successful submission of a Petition for post-conviction relief pursuant to Colorado Rule of Crim. Procedure – Rule 35(c) Plaintiff signed a plea agreement for an "indeterminate" sentence for sexual assault and kidnapping.

5.   Plaintiff's plea agreement rendered him a "Sex Offender" under the Sex Offender Lifetime Supervision Act ("SOLSA") CRS § 18-1.3-1001 *et seq.*

6. Given the nature of Plaintiff's plea agreement, and the plain language of SOLSA, sex offender treatment is **mandatory** for Plaintiff.

7. Plaintiff entered Colorado Department of Correction (CDOC) custody at the *"Denver Reception and Diagnostic Center"* (DRDC).

8. Plaintiff was assessed at the DRDC for placement in the CDOC Sex Offender Treatment and monitoring program, also known as "Sex Offender Treatment of Monitoring Program (SOTMP).

9. Plaintiff may suffer one or more mental health illness which are identified in the *American Psychiatric Association (2013) Diagnostic and Statistical Manual of Mental Health Disorders* (5th ed.) *see* https://doi.org/10.1176/appi.books.9780890425596

10. These presently unidentified mental health illnesses, as defined in the American Psychiatric Association(5th ed.) may include one or more specified or unspecified paraphilic disorders, or one or more "primary Disruptive, Impulse- control and Conduct Disorders." **Id.**

11. As a result of the assessment at DRDC, the CDOC assessment specialist advised Plaintiff that due to his conviction, sentence, "Static 99- R score," and Plaintiff's specific needs, Plaintiff would be an appropriate candidate for sex offender treatment at the "CTCF's Sex Offender Treatment and Monitoring Program ("SOTMP").

12. In or around 2021, Plaintiff was advised that when he was within "four years of his Parole Eligibility date (PED), he would be "ready for treatment" and moved from a *F- Future treatment qualifier* status to a *"R-Qualifier"*

13. On June 14, 2023, a CDOC clinician coded Plaintiff as *"R-Ready,"* as outlined in AR 700-19, and then placed Plaintiff on the CDOC's *"Global Referral List"* ("GRL") for sex offender therapeutic treatment.

14. Plaintiff's *"R-Ready"* qualifier identified him as ready for offense specific sex offender treatment.

15. Since June of 2023, Plaintiff has repeatedly and formally requested enrolment in the CTCF's SOTMP therapeutic treatment at CTCF.

16. To date, the Defendants have **refused** to place Plaintiff in SOTMP therapeutic treatment.

6

17. In light of the Defendants' repeated **denial** of treatment, Plaintiff formally requested
    through CDOC Administrative regulation AR 700-21, that the Defendants allow private
    (at his own expense) sex offender treatment through Tele-Health.

18. To date, the Defendants have **refused** to allow Plaintiff to receive private Tele-Health
    therapeutic treatment.

19. These **denials** are contrary to their own Administrative Regulations which allow private
    treatment (AR 700-21), and the Sex Offender Management Board's (SOMB) acceptance
    of Tele- therapy as an appropriate means to treat sex offenders. *See* SOMB Guidelines at
    Appendix U. *See also* CDOC AR 700-21 et seq.

20. Plaintiff filed his step one, two, and three grievances requesting that he be provide
    therapeutic treatment as required, to no avail.

21. Defendants have denied Plaintiff any relief, and therefore, Plaintiff has exhausted all
    administrative remedies.

22. Because DOC will not provide Plaintiff with treatment, he remains untreated,
    notwithstanding: (a) the General Assembly determination that offenders with Plaintiff's
    class of conviction require therapeutic mental health treatment; (b) the Sex Offender
    Management Board's ("SOMB') conclusion that offenders with Plaintiff's class of
    conviction require therapeutic mental health treatment.

**DEFENDANTS**

**_Defendant Moses Stancil_:**

23. Moses Stancil is the Executive Director of the CDOC.

24. Defendant Stancil has promulgated an Administrative Regulation (AR 1450-01 "Code of
    Conduct").

25. On information and belief, in April of 2025 Defendant Stancil read AR 1450-01, and
    signed AR Form 1450-01A, which he must do annually.

26. The Code of Conduct and its attached AR Form 1450-01A requires, among other things,
    that Defendant Stancil: (a) will comply at all times with the standard of conduct set forth
    in title 24, article 18 or the Colorado Revised Statutes and Article XXIX or the Colorado
    Constitution; (b) will comply with and adhere to all DOC ARs, procedures, operational
    memorandums, implementation adjustments, rules, duties, legal orders, and administrative

instructions; (c) will avoid conduct that is in violation of their public trust of that creates a justifiable impression among members for the public that such trust is being violated; (d) will demonstrate the highest standards of personal integrity, truthfulness, and honesty and will, through personal conduct, inspire public confident and trust in government; (e) and will *not* aid, abet, or incite another in the violation or ARs.

27. Defendant Stancil has read, and promulgated current CDOC's ARs which govern crucial aspects of SOTMP- *Mental Health* treatment.

28. Defendant Stancil has demonstrable experience in the management of CDOC's Sex offender population.

29. Defendant Stancil is bound by the SOMB Standard and Guideline's ("Introduction *to the Standards and Guidelines for the assessment, Evaluation, Treatment and Behavioral Monitoring of Adult Sex Offenders*") as they pertain to the treatment of Sex offenders under SOLSA.

30. On information and belief, Defendant Stancil is required , though his position at the apex of the CDOC's housing and treatment of Sex Offenders, to understand how the SOMB Standard and Guidelines set the parameters of the treatment of Sex offenders within CDOC.

31. Defendant Stancil is, *inter alia*, required to supervise Defendants Retting, Ensinger and Turner in order to ensure that the Defendants are individually and collectively abiding by the SOMB Guidelines.


**Defendant Amanda Retting**

32. Amanda Retting, serves as the "SOMB Full Operating Adult Provider and Clinical Supervisor of the CDOC's SOTMP Therapeutic Treatment program.

33. On information and belief, in April of 2025 Defendant Retting read AR 1450-01, and signed AR Form 1450-01A, which she must do annually.

34. Defendant Retting has a duty to uphold the laws of the State of Colorado.

35. Defendant Retting has a duty to ensure that she follows, to the letter, the CDOC's Administrative Regulations, without deviation or *ad hoc* decisions and/or actions.

36. Defendant Retting has specialized certifications, and licensure to treat sex offenders severe mental health ills.

37. Defendant Retting reports directly to Defendant Stancil.

38. Defendant Retting has years of experience enforcing CDOC AR's, both with respect to general offenders' and sex offenders' management, was well as CDIC staff conduct.

39. Defendant Retting has licensure in Sex Offender Mental Health Therapy and treatment.

40. Defendant Retting is an expert as it pertains to the SOMB and SOTMP Guidelines, and the SOTMP program.

41. Defendant Retting is bound by the SOMB Standards and Guidelines as they pertain to the management and treatment of sex offenders within the CDOC.

42. Defendant Retting is *inter alia* required to supervise Defendants Ensinger and Turner, and to ensure Defendants Ensinger and Turner are abiding by the SOMB Guidelines, and the CDOC Administrative Regulations.

43. Defendant Retting's Responsibilities include overseeing SOTMP team members' adherence to Sex Offender Guidelines and the CDOC Administrative Regulations.

44. Defendant Retting is required, through her position as the second in the chain of command in the management and treatment of sex offenders within CDOC, and as the "Director" of SOTMP to understand how the SOMB Standard and Guidelines set the parameters for the treatment of Sex Offenders within CDOC.

**Defendant Justin Ensinger:**

45. Defendant Ensinger is a licensed Clinical Social Worker- LCSW-ALD.0001145 LPC. 0013301.

46. On information and belief, in April of 2025 Defendant Ensinger read AR 1450-01, and signed AR Form 1450-01A, which he must do annually.

47. Defendant Ensinger has a duty to uphold the laws of the State of Colorado, to abide by lawful Court orders.

48. Defendant Ensinger has a duty to ensure that he follows, to the letter, the CDOC's Administrative Regulations, without deviation or *ad hoc* decisions and/or actions.

49. Defendant Ensinger has a duty to ensure that CDOC staff follow, to the letter, the CDOC's Administrative Regulation, without deviation or *ad hoc* decisions and/or actions.

9

50. Defendant Ensinger has previously identified himself on official CDOC correspondence as "Justin Ensinger. *MSEd, LPC, LAC. Sex Offender Treatment and Monitoring Program Coordinator. Colorado Territorial Correctional Facility. Colorado Department of Corrections.*"

51. Defendant Ensinger has specialized certifications, and licensure to treat sex offender's severe mental health ills.

52. Defendant Ensinger holds himself out as an expert in the field of mental health therapeutic treatment for incarcerated prisoners.

53. Defendant Ensinger holds himself out as an expert in the field of mental health therapeutic treatment for incarcerated prisoners convicted of sex offenses.

54. Defendant Ensinger is contracted by the CDOC as a SOTMP- *Mental Health* therapist, to oversee all of the therapist at the CTCF, and to ensure lawful enforcement of the SOMB *Standards and Guidelines.*

55. Defendant Ensinger is tasked with managing the day-to-day operations of the SOTMP-Mental Health treatment at CTCF, (including but not limited to enrolling inmates into SOTMP).

56. Defendant Ensinger oversees all aspects of the SOTMP- *Mental Health* treatment program at the CTCF.

57. Defendant Ensinger reports directly to Defendant Stancil, and to Defendant Retting regarding the enforcement of CDOC Administrative Regulations.

58. Defendant Ensinger reports directly to Defendant Retting regarding Sex offender treatment within CTCF.

59. Defendant Ensinger is required, through his position as the head of SOTMP treatment at the CTCF, to understand how the SOMB Standard and Guidelines set the parameters for the treatment of sex offenders within CDOC.

60. Defendant Ensinger is often the first responder in the CTCF's grievance procedures when issues related to SOTMP- Mental Health treatment arise.

61. Defendant Ensinger has come to the independent conclusion that Sex Offenders in CTCF have a ***"liberty interest"*** in access to SOTMP- *Mental Health* treatment. "[T]o satisfy your remedy [expedite placement into SOTMP'] would require ***violating the liberty interest of others*** who are ahead of you on the [Global referral] list." [3]

10

62. Defendant Ensinger has come to the independent conclusion that Sex offenders in CTCF have certain rights with respect to enrollment in CTCF's SOTMP therapeutic treatment: "*... your grievance is denied on procedural ground. Furthermore, your remedy would require violating* **the right of every person ahead of you on the global referral list** (GRL) for SOTMP *treatment." See* Ensinger Response to Plaintiff's Step-1 Grievance, *infra.*

63. Defendant Ensinger is superior to Defendant Turner and all of the *SOTMP- Mental Health* treatment providers at CTCF, as well as all contractors who work with CTCF's SOTMP therapeutic treatment team.

64. On information and belief, Defendant Ensinger is subordinate to Defendant Retting and Defendant Stancil, yet he believes himself and Defendant Turner to be the final authority on whether an inmate will receive SOTMP treatment in CTCF.

**Defendant Xaviera Turner**

65. Defendant Turner is a SOTMP- Mental Health therapist at the CTCF.

66. On information and belief, in April of 2025 Defendant Turner read AR 1450-01, and signed AR Form 1450-01A, which she must do annually.

67. Defendant Turner has a duty to uphold the laws of the State of Colorado, to abide by lawful Court orders.

68. Defendant Turner has a duty to ensure that she follows, to the letter, the CDOC's Administrative Regulations, without deviation or *ad hoc* decisions and/or actions.

69. Defendant Turner has previously identified herself on official CDOC correspondence as "*Turner, LCSW, LAC DVCS. Behavior Health* Staff."

70. Defendant Turner is a licensed Clinical Social Worker- LCSW, LAC DVCS. Behavioral Health ACD. 0002304- CSW. 09927942.

71. Defendant Turner has specialized certifications, and licensure to treat sex offenders' severe mental health ills.

72. Defendant turner holds herself out as an expert in the field of Sex offender treatment and management.

73. Defendant Turner holds herself out as the co-apex decision maker in CTCF with respect to whether a sex offender will be enrolled in SOTMP.

11

74. Defendant Turner reports to Defendants Ensinger, Retting, and Stancil.

75. Defendant Turner oversees all aspects of the SOTMP- Mental Health Treatment program at the CTC.

76. Defendant Turner is tasked with ensuring lawful enforcement of the SOMB Standards and Guidelines.

77. Defendant Turner is required, through her position as a leader in the CTCF's SOTMP therapeutic treatment team to understand how the SOMB Standard and guidelines set the parameters for the treatment of Sex Offenders within CDOC.

78. Defendant Turner is tasked with managing the day-to-day operations of the SOTMP, (including but not limited to enrolling inmates into the SOTMP).

**Efforts to Receive SOTMP Therapeutic Treatment**

79. Although Plaintiff was eligible for SOTMP treatment in or about August, 2022, his formal requests for SOTMP treatment have all been denied by Defendants.

80. On August 13, 2024, Plaintiff requested permission to obtain private sex offender treatment pursuant to AR Form 700-21 (letter to CDOC Major Valdez). That request was subsequently denied.

81. On August 13, 2024, Plaintiff requested permission to obtain private sex offender treatment pursuant to AR Form 700-21 (letter to Defendant Turner). That request was subsequently denied by Defendant Turner.

82. On October 9, 2024, Plaintiff completed and submitted AR Form 700-21B requesting permission to obtain private sex offender from by Private Health Care Provider Laureen Quinn LCSW, ,at his family's expense.

83. On January 29, 2025 Plaintiff sent a kite to Defendant Turner requesting therapeutic sex offender mental health treatment. Defendant Turner denied the request.

84. On February 4th 2025, Plaintiff submitted to Defendants a "formal request" for enrollment into CTCF's SOTMP therapeutic mental health treatment program, or alternatively, approval for "Tele-health therapy sex offender treatment through a qualified psychiatrist or psychologist."

85. The February 4th, 2025 "formal request" also memorialized Plaintiff's efforts to obtain "private- and or Tele-health therapy treatment" at his own expense pursuant to SOMB Guidelines at Appendix U. and CDOC AR 700-21 et seq.

86. In the February 4th, 2025 'formal request' advised Defendants that Plaintiff had submitted, as required by CDOC AR 700-21, Forms A and B for consideration and approval. However, "*contrary to the CDOC AR (700-21), I have not received a decision. Rather, Ms. Zade has informed me that I must also submit AR for 700-21 C and D, notwithstanding the fact that the AR 700-21 specifically instructs otherwise.*"

87. On February 19th, 2025, Defendant Retting denied Plaintiff's February 4th 2025 "formal request" for enrolment into CTCF's SOTMP therapeutic mental health treatment program.

88. Notably, Defendant Retting *refused* to respond to Plaintiff's "formal request" for approval for Tele-health therapy sex offender treatment through a qualified psychiatrist or psychologist, and further *failed* to respond to Plaintiff's allegations that Ms. Zade was acting in direct contravention of CDOC AR 700-21.

89. On March 17, 2025, Plaintiff mailed a "formal request" for a copy of his "Static 99 score" and "progress assessment" to obtain "private SOTMP mental health Tele- Health treatment."

90. On March 24, 2025 Plaintiff's request for information critical to receiving private sex offender mental health treatment was denied as follows: "*This is to inform you the DOC Open Records received your request on 03/20/2025 for SOTMP records. Per open Records, They requested that I inform you that your request has been denied pursuant to C.R.S. 24-72-305(5). Releasing this information could present a security or safety concern within the facility.*"

91. On April 15, 2025, Plaintiff sent a "formal request" to Defendant Turner asking for "immediate enrollment in SOTMP at CTCF" due to the negative effects that lack of mental health treatment was having on his "mental health" and "behavior health issues."

92. On April 16, 2025, Plaintiff sent a kite to Defendant Ensinger requesting SOTMP therapeutic mental health treatment, and specifically advising Defendant Ensinger that the lack of treatment for 13 years was having "adverse effects on my emotional state and state of mind."

93. On May 14, 2025 Plaintiff sent a kite to the SOTMP team, including Defendant Ensinger and Defendant Turner pleading for mental health treatment: *". . . I know I have mental health problems and I am asking for help, and no one here will help me or tell me why I can't participate in SOTMP classes. I'm sorry for what I've done and I want to get well, but I can't . . . Help me ..."*

94. On May 14, 2025 Plaintiff sent a kite to CTCF Mental Health requesting mental health assistance: *"I would like to speak to someone in mental health about my stress and anxiety, caused by not knowing what's wrong with me, or if or when I'll ever receive treatment for my psychological and behavioral health issues."*

95. On June 1, 2025 Plaintiff filed a *Colorado Open Records Act Request* and *Colorado Criminal Justice Records Act Request* to CODC Headquarters/legal services requesting a current copy of his records related to his mental health treatment needs.

96. The CORA/CCJRA Request stated: *"I specifically request the following documents/data in order to confirm my progression towards enrollment into the SOTMP therapeutic treatment. In addition, I am seeking these records/data in order to share with a private provider pursuant to CDOC regulations, and eventually upon my release. (1) a copy of my current Static (R score.); and (2) a copy of all memos, notes, reports, scores, directives, opinions, documents, emails, correspondence, and the like which were used, relied upon, or referenced in the determination of my current Static 99 R Score."*

97. As of the date of this Verified Complaint, the Defendants and CDOC legal service has **refused** to respond to the CORA/CCJRA Request, nor have the Defendants or the CDOC Custodian of records provide a receipt for the Requests.

98. On information and belief, the Defendants' refusal to respond the CORA/CCJRA Request not only violated the letter and spirit of the relevant statutes, but also violates the letter and spirit of their own Administrative Regulations which require a timely response. See e.g., AR 1350-04 *"Open Record and Data Requests."*

//

//

//

**Defendants' Personal Participation.**

***Moses Stancil***

99. Defendant Stancil *crafted, signed, promulgated*, and enforces the CDOC's Administrative Regulations and Policies with respect to SOTMP risk classifications.

100.    Defendant Stancil *crafted, signed, promulgated*, and *enforces* the CDOC's Administrative Regulations and Policies with respect to the SOTMP Track System, which assigns the type of treatment sex Offenders will receive.

101.    Defendant Stancil *crafted, signed, promulgated*, and *enforces* the CDOC's Administrative Regulations and Policies with respect to the Global Referral List.

102.    Defendant Stancil *failed* to "prioritize" the GRL as required by AR700-19 § (IV) (F) (1) or in a manner consistent with its statutory obligations under SOLSA and CRS §§ 16-11.7-102,104 and 105.

103.    Defendant Stancil *failed* to adequately fund, staff, prioritize, and provide required sex offender treatment to eligible individuals.

104.    Defendant Stancil *failed* to ensure that the CDOC SOTMP Team utilizes evidence based practices guided by the American Psychological Association, the nation's largest professional organization for psychology—on its official policy.

105.    Defendant Stancil *failed* to abide by CDOC Administrative Regulations, and established law which requires that he not unnecessarily place inmates in danger within his prison general population.

106.    Defendant Stancil *failed* to enforce the CDOC's policy to provide specialized sex offense specific treatment to identified offenders to reduce recidivism and enhance public safety by providing continuum of identification treatment and monitoring services through incarceration.

107.    Defendant Stancil *failed* to enforce the CDOC's policy which allows offenders, presumably to include sex offenders, access to private health care providers when it is in the best interest of the DOC and the offender.

108.    Defendant Stancil *failed* to respect the terms and conditions of Plaintiff's plea agreement, insofar as Stancil has *knowingly* and *willfully denied* mandated treatment which Plaintiff bargained for Defendant Stancil *knew*, and reviewed Plaintiff's February 4, 2025 request for SOTMP treatment.

15

109.    Defendant Stancil *knew*, and participated in the DENIAL of Plaintiff's February 19, 2025 request for SOTMP treatment.

110.    Defendant Stancil is *aware* that the *failure* to enroll Plaintiff in mandated SOTMP therapeutic treatment violates Plaintiff's liberty interest in Treatment.

111.    Defendant Stancil is aware that *failure* to treat Plaintiff's severe medical ills constitutes Cruel and Unusual punishment.

**112.**    Defendant Stancil is aware that *failure* to treat Plaintiff's severe medical ills may place Plaintiff in unnecessary danger within the prison environment.

## Amanda Retting

113.    Defendant Retting *enforces* the CDOC's administrative Regulations and Policies with respect to SOTMP risk classifications.

114.    Defendant Retting *enforces* the CDOC's Administrative Regulations and Policies with respect to the SOTMP Track System, which assigns the type of treatment Sex Offender's will receive.

115.    Defendant Retting *enforces* the CDOC's Administrative Regulations and Policies with respect to the Global Referral List.

116.    Defendant Retting *failed* to "prioritize" the GRL as required by AR 700-19 § (IV) (F) (1) or in a manner consistent with its statutory obligations under SOLSA and CRS §§ 16-11.7-102,104 and 105.

117.    Defendant Retting *failed* to ensure that the CDOC Sex Offender Therapeutic Treatment Team utilizes evidence based practices guided by the American Psychological Association, the nation's largest professional organization for psychology—on its official policy.

118.    Defendant Retting *failed* to abide by CDOC Administrative Regulations, and established law, which requires that she not-unnecessarily place inmates in danger within the prison general population.

119.    Defendant Retting *failed* to enforce the CDOC's policy to provide specialized sex offence specific treatment to identified offenders to reduce recidivism and enhance public safety by providing continuum of identification treatment and monitoring services through incarceration.

120.    Defendant Retting *failed* to enforce the CDOC's policy which allows offenders, presumably to include sex offenders, access to private health care providers when it is in the best interest of the DOC and the offender.

121.    Defendant Retting *failed* to respect the terms and conditions of Plaintiff's plea agreement, insofar as Stancil has *knowingly* and *willfully denied* mandated treatment which Plaintiff bargained for. Defendant Stancil *knew*, and reviewed Plaintiff's February 4, 2025 request for SOTMP treatment.

122.    Defendant Retting *knew*, and reviewed Plaintiff's February 4, 2025 request for SOTMP treatment.

123.    Defendant Retting *knew, and participated in the DENIAL* of Plaintiff's February 19, 2025 request for SOTMP treatment.

124.    On April 22, 2025 Defendant Retting Denied Plaintiff's *Step-2* Grievance *denial* where Plaintiff requested: "immediately place me in SOTMP treatment at CTCF."

125.    Defendant Retting is aware that *failure* to enroll Plaintiff in mandated SOTMP therapeutic treatment violates Plaintiff's liberty interest in Treatment.

126.    Defendant Retting is aware that *failure* to treat Plaintiff's sever medical ills constitutes Cruel and Unusual Punishment.

127.    Defendant Retting is *aware that failure* to treat Plaintiff's severe medical ills may place Plaintiff in unnecessary danger within the prison environment.

**Justin Ensinger**

128.    Defendant Ensinger *enforces* the CDOC's administrative Regulations and Policies with respect to SOTMP risk classifications.

129.    Defendant Ensinger *enforces* the CDOC's Administrative Regulations and Policies with respect to the SOTMP Track System, which assigns the type of treatment Sex Offender's will receive.

130.    Defendant Ensinger *enforces* the CDOC's Administrative Regulations and Policies with respect to the Global Referral List.

131.    Defendant Ensinger *failed* to "prioritize" the GRL as required by AR 700-19 § (IV) (F) (1) or in a manner consistent with its statutory obligations under SOLSA and CRS §§ 16-11.7-102,104 and 105.

132.    Defendant Ensinger *failed* to staff, prioritize, and provide required sex offender treatment to eligible individuals.

133.    Defendant Ensinger *failed* to ensure that the CDOC Sex Offender Therapeutic Treatment Team utilizes evidence-based practices guided by the American Psychological Association, the nation's largest professional organization for psychology—on its official policy.

134.    Defendant Ensinger *failed* to abide by CDOC Administrative Regulations, and established law, which requires that he not unnecessarily place inmates in danger within the prison general population.

135.    Defendant Ensinger *failed* to abide by the CDOC code of Conduct, and Administrative Regulations 1450-01 and 1450-05, which govern commutations between staff and inmates.

136.    Defendant Ensinger *failed* to enforce the CDOC's policy to provide specialized sex offence specific treatment to identified offenders to reduce recidivism and enhance public safety by providing continuum of identification treatment and monitoring services through incarceration.

137.    Defendant Ensinger *failed* to enforce the CDOC's policy, which allows offenders, presumably to include sex offenders, access to private health care providers when it is in the best interest of the DOC and the offender.

138.    Defendant Ensinger *failed* to respect the terms and conditions of Plaintiff's plea agreement, insofar as Stancil has *knowingly* and *willfully denied* mandated treatment which Plaintiff bargained for Defendant Stancil *knew*, and reviewed Plaintiff's February 4, 2025 request for SOTMP treatment.

139.    Defendant Ensinger *knew*, and reviewed Plaintiff's February 4, 2025 request for SOTMP treatment.

18

140.    Defendant Ensinger **knew**, and **participated in the DENIAL** of Plaintiff's February 4, 2025 request for SOTMP treatment.

141.    On March 28, 2025 Defendant Ensinger **Denied** Plaintiff's *Step-1* Grievance.

142.    Defendant Ensinger is aware that **failure** to enroll plaintiff in mandated SOTMP therapeutic treatment violates Plaintiff's liberty interest in Treatment.

143.    Defendant Ensinger is **aware** that **failure** to treat Plaintiff's **severe** medical ills constitutes Cruel and Unusual Punishment.

144.    Defendant Ensinger is **aware** that **failure** to treat Plaintiff's severe medical ills may place Plaintiff in unnecessary danger within the prison environment

## Xavier Turner

145.    Defendant Turner **enforces** the CDOC's administrative Regulations and Policies with respect to SOTMP risk classifications.

146.    Defendant Turner **enforces** the CDOC's Administrative Regulations and Policies with respect to the SOTMP Track System, which assigns the type of treatment Sex Offender's will receive.

147.    Defendant Turner **enforces** the CDOC's Administrative Regulations and Policies with respect to the Global Referral List.

148.    Defendant Turner **failed** to "prioritize" the GRL as required by AR 700-19 § (IV) (F) (1) or in a manner consistent with its statutory obligations under SOLSA and CRS §§ 16-11.7-102,104 and 105.

149.    Defendant Turner **failed** to staff, prioritize, and provide required sex offender treatment to eligible individuals.

150.    Defendant Turner **failed** to ensure that the CDOC Sex Offender Therapeutic Treatment Team utilizes evidence-based practices guided by the American Psychological Association, the nation's largest professional organization for psychology—on its official policy.

151.    Defendant Turner **failed** to abide by the CDOC code of Conduct, and Administrative Regulations 1450-01 and 1450-05, which govern commutations between staff and inmates.

152.     Defendant Turner *failed* to abide by CDOC Administrative Regulations, and established law, which requires that he not-unnecessarily place inmates in danger within the prison general population.

153.     Defendant Turner *failed* to enforce the CDOC's policy to provide specialized sex offence specific treatment to identified offenders to reduce recidivism and enhance public safety by providing continuum of identification treatment and monitoring services through incarceration.

154.     Defendant Turner *failed* to enforce the CDOC's policy, which allows offenders, presumably to include sex offenders, access to private health care providers when it is in the best interest of the DOC and the offender.

155.     Defendant Turner *failed* to respect the terms and conditions of Plaintiff's plea agreement, insofar as Stancil has *knowingly and willfully denied* mandated treatment which Plaintiff bargained for Defendant Stancil *knew*, and reviewed Plaintiff's February 4, 2025 request for SOTMP treatment.

156.     Defendant Turner *knew, and* reviewed Plaintiff's February 4, 2025 request for SOTMP treatment.

157.     Defendant Turner *knew*, and participated in the DENAIL of Plaintiff's February 4, 2025 request for SOTMP treatment.

158.     Defendant Turner is aware that *failure* to enroll Plaintiff in mandated SOTMP therapeutic treatment violates Plaintiff's liberty interest in Treatment.

159.     Defendant Turner is aware that *failure* to treat Plaintiff's severe medical ills constitutes Cruel and Unusual Punishment.

160.     Defendant Turner is aware that *failure* to treat Plaintiff's severe medical ills may place Plaintiff in unnecessary danger.

## Harm suffered Through Lack of Treatment

161.     Plaintiff does not know why or how he became mentally ill, nor does he have way to cure himself without the professionally administered SOTMP treatment.

162.     Plaintiff finds himself lost amongst the refusals for therapeutic mental health treatment, and looses hope as his prospects for any sort of mental of medical relief linger out of reach now, and for almost 14 years of incarceration.

163.     Plaintiff wants therapeutic mental health treatment so that he may address the
cause of his disorder(s). Yet, Plaintiff lives with a constant state of worry, as he cannot
heal, rehabilitate fully, or be allowed those who are most affected by his past actions
closure by completing the treatment aspect of the sentence mandated by the General
Assembly, and ordered by the trial Court.

164.     Plaintiff's presently unidentified mental health illnesses and/or disorders remain
**untreated** by the Defendants, notwithstanding the General Assembly's Mandate for
treatment, Defendants **knowledge** that Plaintiff's needs treatment, and Plaintiff's repeated
requests for treatment. **As such**, Plaintiff continues to suffer the harms of being left
untreated in a mental health crisis.

165.     As a result of Defendants' repeated **refusals** to treat Plaintiff's mental health
illnesses, Plaintiff has suffered and continues to suffer **emotionally and mentally** from
illnesses and disorders.

166.     Plaintiff now suffers: (a) Anxiety; (b) Depression; (c) General fear; (d)
Hopelessness; (e)  Low self-esteem; (f) Feelings of helplessness; (g) Insomnia; (h)
Confusion; (i) Dissociative disorder; (j) Flashbacks; (k) Loss of feelings of well-being: (l)
Chronic unhappiness; (m) Fear of personal safety; (n) Loss of internal harmony: (0) lack
of concentration; (p) Irritability (q) Loss of peace;  (s) Loss of enjoyment of life; (u)
spiritual disillusionment: (v) Identity Dysphoria; (x) paranoia; (y) Avoidance and Anti-
social anxiety; and (z) other symptoms consistent with PTSD.

167.     Plaintiff has further suffered through watching how his family has vicariously
experienced his incarceration without his SOTMP mental health treatment. Plaintiff's
mother has lymphoma cancer and a brain tumor which, during times of high stress, causes
her to have seizures which have hospitalized her on more than one occasion. One of the
primary causes of her stress is Plaintiff's incarceration without mental health treatment.
The fact that Plaintiff's psychological and mental health issues are, and remain
unaddressed exacerbate his mother's stress, and impede her efforts to fight the cancer.
Plaintiff suffers greatly due to that eventuality.

//

//

//

21

168.     Plaintiff has suffered, and continues to suffer *physically* as a result of *denials* of SOTMP treatment, including, but not limited to: (a) Insomnia; (b) Sever headaches and migraine headaches; (c) Ulcers and gastrointestinal issues; (d) Inflammation; (e) Severe neck pain resulting from insomnia; (f) Severe lethargy; (g) Night Terrors; (h) Weight loss caused by anxiety;(i) Anxiety attacks; (j) Lowered immune response which has rendered Plaintiff chronically ill, and most recently sick with COVID-19 and Norovirus.

169.     Plaintiff has suffered and continues to suffer unconstitutional conditions of confinement in the form of cruel and unusual punishment, through *failure* to access treatment for a *known* mental health illness or illnesses, which require sex offender treatment as mandated by the General Assembly.

170.     As evinced by further factual enhancement set forth above, and throughout this Complaint, Plaintiff has suffered, and continues to suffer unconstitutional conditions of confinement as a consequence of the totality of Defendants' *action and failure to act.*

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes __X__ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):                              n/a

Docket number and court:                             n/a

Claims raised:                                       n/a

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)         n/a

Reasons for dismissal, if dismissed:                 n/a

Result on appeal, if appealed:                       n/a

## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

    __X__ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

    __X__ Yes ___ No (*check one*)


## G.    REQUEST FOR RELIEF
*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

### First Claim for relief under 42 U.S.C § 1983
Against all Defendants
*Fourteenth Amendment Violation—Procedural Due Process.*

171.      Plaintiff reaffirms and incorporates by reference the prior paragraphs as well as the introduction and background section of this complaint.

172.      SOLSA creates a protected liberty interest in a "sex offender," receiving therapeutic mental health treatment because SOLSA mandates mental health treatment coextensive with incarceration.

173.      Defendants are well aware of the mandate of SOLSA, and how it requires their individual and collective actions to further the interests of the citizens of Colorado, including those citizens incarcerated for sex offenses.

174.      SOLSA recognizes that offenders convicted of certain sex offenses suffer from specified or unspecified paraphilic disorders, or primary disruptive, impulse-control, and conduct disorders, which require specialized treatment in the interest of the offender's mental health, and in the interest of the safety of the community at large.

23

175.     Defendants violated Plaintiff's protected liberty interests by depriving him of the opportunity to participate in mandatory SOTMP treatment without notice of the deprivation, without an opportunity to formally contest the deprivation of treatment, and without meaningful periodic review of their deprivation of Plaintiff's treatment.

176.     Plaintiff has experienced significant harms as a direct and proximate result of the deprivation of treatment described herein, because his sentence has effectively been converted into a life sentence without an opportunity for necessary treatment of his potential specified or unspecified paraphilic disorders, or primary disruptive, impulse-control and conduct disorders.

177.     Plaintiff will continue to experience significant harms from Defendant's conduct absent a grant of the declaratory and injunctive relief requested herein.

### Second Claim for relief under 42 U.S.C § 1983
*Against all Defendants*
*Fourteenth Amendment Violation—substantive Due process*

178.      Plaintiff reaffirms and incorporates by reference the prior paragraphs as well as the introduction and background section of this complaint.

179.     SOLSA Creates a protected liberty interest in a "sex offender," receiving therapeutic mental health treatment because SOLSA mandates mental health treatment coextensive with incarceration.

180.     SOLSA recognizes that offenders convicted of certain sex offenses suffer from specified or unspecified paraphilic disorders, or primary disruptive, impulse-control and conduct disorders which require specialized treatment in the interest of the offender's mental health, and in the interest of the safety of the community at large.

181.     Under the Fourteenth Amendment to the United States Constitution Plaintiff may not be deprived of his protected liberty interest without due process.

182.     Defendants have violated Plaintiff's protected liberty interest under the Fourteenth Amendment by arbitrarily ***depriving*** him of access to sex offender therapeutic mental health treatment in contravention of SOLSA and without any legitimate penological justification.

183.    Defendants *violated* Plaintiff's protected liberty interest under the Fourteenth Amendment by ***knowingly*** and ***willfully implementing and enforcing*** a policy and actual practice of depriving Plaintiff of statutorily mandated treatment despite actual knowledge that such deprivation has no mental health therapeutic basis, nor a penological interest,-- causing Plaintiff to unnecessarily languish in prison without mental health treatment.

184.    As a direct and proximate result of Defendants' ***deliberate indifference*** toward providing Plaintiff with the opportunity to participate in therapeutic mental health treatment, Plaintiff has suffered significant harms.

185.    Plaintiff will continue to experience significant harms from Defendants' conduct absent a grant of the declaratory and injunctive relief requested herein.

**Third Claim for relief under 42 U.S.C § 1983**
Against all Defendants
*8th Amendment—Cruel and Unusual Punishment*

186.    Plaintiff reaffirms and incorporates by reference the prior paragraphs as well as the introduction and background section of this complaint.

187.    It is manifest that the Colorado General Assembly enacted SOLSA to treat a Sex Offender's serious mental and emotional illnesses, "criminal thinking errors," and "distorted core beliefs."

188.    In creating a mental health treatment program for Sex Offenders' mental, psychological, and emotional deficiencies and illnesses, the General Assembly established a Board, which consist of psychologist, licensed therapists, and other professionals who are experts in the mental health treatment, and management of Sex Offenders.

189.    Plaintiff's conviction for Sexual Assault renders him a "Sex Offender" under SOLSA, and therefore places Plaintiff within a category of inmates who require intensive psychological and emotional "SOTMP treatment."

190.    The SOTMP Therapeutic mental health treatment program does NOT include physical or medical therapy but rather is focused solely on mental health treatment and therapy, which is far beyond the rudimentary rehabilitation programs available to other

inmates within the CDOC ( such as " *Restorative Justice*," or "*Seven Habits of Highly Effective People*").

191.    Defendants have unequivocally concluded that, according to SOLSA, Plaintiff needs intensive psychological  and emotional "SOTMP treatment"  to address manifest mental health issues including but not limited to potential specified or unspecified paraphilic disorders, or primary disruptive, impulse-control and conduct disorders as defined in the American Psychiatric Association( 2013) Diagnostic and Statistical Manual for Mental Health Disorders (5th ed.)

192.    Notwithstanding the manifest need for therapeutic mental health treatment, the Defendants are *callously disregarding* that need, and are *deliberately indifferent* to providing such mental health treatment.

193.    Inmates who have been diagnosed or labeled with mental illness and disorders, including but not limited to "specific paraphilic Disorders," "Disruptive Disorders,"" Impulse-control Disorders," and "Conduct Disorders" are as deserving for treatment as inmates who have serious medical needs.

194.    Defendants, whose CDOC *mission* is *to provide* "corrections" to "Offenders", are aware that the need for mental health care is serious in the Sex Offender context because psychiatrists, psychologist, and other professionals on the SOMB have mandated such treatments as a "corrective" measure.

195.    Defendants are aware that the need for mental health care for Sex offenders is serious because it is so obvious that even a lay person would easily recognize the necessity for Sex Offender mental health care and treatment.

196.    Defendants are aware that *failure* to provide necessary psychological or psychiatric treatment to Sex Offenders and other inmates with serious mental or emotional disturbances is cruel and unusual punishment.

197.    Defendants are aware that *failure* treat mental health illnesses will result in the infliction of pain and suffering just as real as would result from *failure* to treat serious physical ailments.

198.    Defendants are aware that there exists no reason why psychological or psychiatric care should not be held to the same standard of care as medical care, and that a convicted Sex Offender is entitled to psychological or psychiatric care as mandated by SOLSA.

199.     Defendants are aware that there is no underlying distinction between the right to medical care for physical ills and its psychological or psychiatric counterpart.

200.     Defendants have inflicted upon Plaintiff the deprivation of treatment with culpable state of mind, that is, with a *willful* and *wanton disregard* towards Plaintiff's mental health.

201.     This deprivation of mental health care has caused Plaintiff serious physical, spiritual, and emotional harms

202.     In addition to the serious harms described in above, the Defendants' absolute *denial* of SOTMP- Mental Health treatment for an indefinite period of time has placed Plaintiff in the singular category or inmates who have no foreseeable outdate, and have no means to ascertain such an outdate.

203.     The Defendants' actions have therefore taken all hope away from Plaintiff that he may ever get sex offender treatment.

204.     As Andy Dufrei said in the Shawshank Redemption: "*Hope is a good thing. Perhaps the best of things, and a good thing never dies*." Here however, the Defendants have attempted to kill all hope in way that serves nothing more than cruel and unusual punishment under the talisman of legitimacy afforded to the Defendants by their misguided interpretation and implementation of SOLSA, and the *willful* and *wanton* disregard for the SOMB Guidelines.

205.     This lack of hope may be life ending: "I hope, or I could not live." <u>H.G Wells's The Island of Doctor Moreau</u>.

## **PRAYER FOR RELIEF**

Plaintiff requests that the Court enter an order determining that: (a) Plaintiff has a protected liberty interest in receiving sex offender treatment; (b) Defendants have unlawfully deprived Plaintiff of his Substantive and Procedural rights to Due Process; and (c) Plaintiff has suffered significant harm from Defendants' *actions and failures to act.*

Plaintiff further request that the Court enter an order for permanent injunctive relief requiring Defendants and their officers to provide treatment as statutorily required, and/ or permit

virtual treatment from privately retained therapists,

Plaintiff also request that the Court award: (a) actual and special damages against Defendants in an amount to be proven at trial; (b) prejudgment and post-judgment interest; and (c) such other relief, both general and special to which Plaintiff may have right to receive.

## H.    PLAINTIFF'S SIGNATURE

I Mario D. Raxon declare under penalty of perjury that I am the Plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct, except to matters alleged on information and belief, and, as to those I believe them to be true, and supportable after discovery. *See* **28 U.S.C. § 1746; 18 U.S.C. § 1621.**

I further declare under the penalty of perjury that I have read this complaint, and **VERIFY** that the facts, circumstances, and allegations in this complaint are true and correct, except to matters alleged on information and belief, and, as to those, I believe them to be true and supportable after discovery.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a no frivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Mario Raxon*
(Plaintiff's signature)

*August 11, 2025*
(Date)

(Revised November 2022)